UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>JESUS JAVIER MALAGON,<br><br>       Defendant. | Case No. 1:18-CR-059-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

The Court has before it a motion to suppress filed by the defendant. The Court held an evidentiary hearing on January 17, 2019, hearing testimony from Chief of Police Austin Smith and the defendant. At the conclusion of the testimony and argument by counsel, the Court denied the motion from the bench. This decision is intended to supplement that analysis from the bench.

**LITIGATION BACKGROUND**

The defendant has been indicted on gun and drug charges. The guns and drugs were found in his car following a traffic stop. He alleges that the traffic stop was improper and that the guns and drugs must be suppressed.

On January 30, 2018, about an hour after midnight, Chief Smith conducted a traffic stop of a Ford Fusion driven by the defendant. Chief Smith testified that his radar showed the Fusion was driving 5 miles-per-hour over the speed limit. He also saw the

defendant using his cell phone – holding it in his hand close to his face with the light from the phone lighting up the inside of the car – and then as the Fusion passed, it swerved into the opposing lane of traffic. While the defendant denied speeding, using his cell phone, and swerving, the Court finds the testimony of Chief Smith to be credible. After pulling over the Fusion, Chief Smith questioned the driver – the defendant – and obtained his license and registration. As he was returning to his patrol car to conduct a records check, the defendant drove away, reaching speeds of 125 miles-per-hour. As Chief Smith pursued, the defendant eventually ran off the road and crashed.

The defendant was transported to a hospital and the Fusion was towed to a police lot. After obtaining a search warrant to search the Fusion, the officers found the drugs and firearms that form the basis for the indictment in this case. The defendant asks the Court to suppress the drugs and guns claiming the traffic stop was illegal, rendering the fruits of any search inadmissible.

## ANALYSIS

The Court will deny the motion to suppress on two grounds. First, Chief Smith did have probable cause or a reasonable articulable suspicion to make the traffic stop because the defendant was speeding, using his cell phone, and swerving into the opposing lane of traffic. But even if the stop was illegal, the defendant's fleeing and the subsequent high-speed chase dissipates any taint that might have resulted from that stop.

The latter conclusion is dictated by *U.S. v. Garcia*, 516 F.2d 318 (9th Cir.1975). There, the defendant was ordered to stop at a checkpoint operated by the United States Border Patrol. *Id*. at 319. The defendant complied momentarily and then sped off. The

officers gave chase, stopped the defendant, and found controlled substances in his vehicle. *Id.* The defendant argued that because the initial stop at the checkpoint was illegal, the seized evidence must be suppressed as fruit of the poisonous tree. The Circuit assumed that the initial stop was illegal but held that "the flight and high-speed chase clearly supplied probable cause to arrest [the driver] and then to search his car." *Id.* at 320. This holding was based on the principle that "where the illegal conduct of the police is only a necessary condition leading up to the suspect's act, no taint attaches to [the police officer's] conduct . . . ." *Id.* at 319. The Circuit noted that the "flight was the voluntary conduct of [the defendant]." *Id.*

Applying *Garcia* here, the defendant's fleeing and high-speed chase dissipated whatever taint was created by the traffic stop and gave Chief Smith probable cause to arrest the defendant, obtain a search warrant and search his car. The motion to suppress is denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to suppress (docket no. 33) is DENIED.



DATED: January 18, 2019

B. Lynn Winmill
United States District Judge